**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM V. CORNISH JR.,** | : | **CIVIL ACTION NO. 1:04-CV-0232** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **OFFICER GOSHEN and OFFICER** | : | |
| **STRATHMEYER,** | : | |
| | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

Counsel have an obligation as officers of the court to be candid and reasonable in their presentations.  The importance of this duty can hardly be overstated:  The integrity of the judicial process depends in large part on the integrity of its attorneys.  To protect this process, courts are vested with the authority to enforce professional standards of conduct by sanctioning lawyers who offer frivolous legal or factual contentions in a motion or brief.  Unfortunately, this course appears necessary here.

This case has been marked by inexplicable delay.  The original complaint was filed on February 2, 2004, by Don Bailey, Esquire, an attorney admitted to practice before this court.  It alleged that two municipal police officers, identified only as "John Doe I" and "John Doe II," had assaulted plaintiff on February 5, 2002, violating his constitutional rights and entitling him to relief under 42 U.S.C. § 1983.  More than two months after the case was commenced, Mr. Bailey filed an amended complaint identifying the "John Doe" defendants as "Officer Goshen"

and "Officer Strathmeyer."  But, although these individuals were named in the body of the complaint, they were not named in the caption, and neither of them was served with the original complaint or the amended complaint.  (Docs. 1, 3).

Nearly seven months later, the court issued an order directing plaintiff to "show cause why this action should not be dismissed for failure to serve the complaint within 120 days pursuant to Federal Rule of Civil Procedure 4(m)."  Mr. Bailey submitted a response indicating that, after "considerable investigation," he was unable to distinguish between the two officers with respect to their precise involvement in the assault and thus could not identify "John Doe I" and "John Doe II."  Despite the questionable rationale and relevance of this explanation, the court accepted it as a reason to extend the deadline for service of process.  It directed Mr. Bailey to file a second amended complaint, substituting "Officer Goshen" and "Officer Strathmeyer" for John Doe I and John Doe II, on or before February 7, 2005, and to "effect service of a summons and the second amended complaint on each defendant within twenty days of filing of the second amended complaint."  The order warned that "[f]ailure to comply . . . *will* result in dismissal of the above-captioned case."  (Docs. 4-6 (emphasis added)).

Mr. Bailey did not comply.  He filed a second amended complaint on February 7, 2005, but did not serve a copies of that complaint or summonses on defendants.  Instead, he sent requests for waivers of service on February 10, 2005, and waited for defendants to return the executed waivers.  They did not.  On March 18, 2005, counsel for defendants, who had since entered an appearance of

2

record, filed a motion to dismiss on grounds that plaintiff had failed to comply with the order directing service within twenty days and that plaintiff's action was barred by the applicable statute of limitations.  Briefing ensued, and the motion is now ripe for disposition.  Notably, however, service of process has not yet been effected.  (Docs. 7, 10-12, 18-21).

These procedural delays do not of themselves warrant the imposition of sanctions on Mr. Bailey.  Mistakes are not a phenomenon limited to lay persons. Attorneys are subject to the same foibles as the rest of humanity, and will on occasion misread an order or miss a deadline.  Courts should be and usually are willing to forgive these errors if followed by a candid and appropriate *mea culpa*.

The problem in this case is not that Mr. Bailey made a mistake but that he failed to acknowledge this mistake and, in fact, compounded his error by attempting to justify it with a patently frivolous argument.  In response to defendants' motion to dismiss, Mr. Bailey claimed ambiguity in the order of court directing plaintiff to "effect" service, as well as duplicity on the part of defense counsel.  His explanation bears lengthy quotation for its audacity, if not for its grammar or eloquence:

> Webster's Pocket Dictionary (Trident Press International 2002 ed. ISBN1-888777, 4-8-6) defines the word "effect" when used as a transitive verb (as it is in paragraph 2 of the [court] order), as follows "to produce or cause".  No where does the court direct that service must be accomplished, finished, or completed within the 20 days, merely that the process must be "effected" ie. initiated.  Service, indeed, was "effected" within 20 days.  Rule 4(d) provides and encourages a request for waiver of service by 1st class mail, in order obviously to encourage judicial economy and prevent the avoidance

of service.  It should not go unnoticed that the language of Rule 4(c) reads as follows, "Service may be "effected" by any person(s) who is not a party and who is at least 18 years of age".  The implication of this language is that service of process is initiated or caused or carried out in a certain way by a certain person as a matter of process.  Where time is mentioned in Rule 4 it refers to 120 days (subsection (m)) or that service be "effected" within a specified time".  Such language does not say accomplished or completed but rather the inference is that if the court wants to set a specific time to accomplish or complete service it will say that service is to be completed by a date certain or refer to service by a specific means and not engage in an ambiguity.  Counsel read the Courts order as directing that service be begun or carried out, or caused (as Webster's does) as per the applicable rule.  Service on police officers is next to impossible within 20 days in the current climate. . . .

What happened in this case is quite plain.  [Counsel for defendants] was notified that the certified mail [including the request for waiver of service] was received for Mr. Goshen and Mr. Strathmeyer . . . .  He was already aware of this Court's previous orders. . . .  However, knowing that the statute of limitations would soon run out, [counsel for defendants] manipulated his client's response.  Rule 4(d) presumes not only good faith but directs a duty on defendants to avoid costs and return the waiver or at least address it under pain of bearing the costs of service for refusing.  Now, [counsel for defendants] seeks to exploit the process hoping this court will hold that service was to be completed no later than March 2, 2005.  [T]he defendant lawyers . . . are clearly advising their clients not to respond to Rule 4(d) hoping for a favorable decision in this Court on the definition of the word "effect" in the Court's January 27, 2005 order.  Should the Court find that its intent was not to cause the existing requirements of Rule 4 to include subsection (d) to be carried out, but rather that service was to be completed by March 2, 2005 then plaintiff admits he is the loser here.  Counsel can, however, assure this court that service (personal service) within the 20 days, upon these police officers, under these circumstances, is something these defendants and their lawyers dedicated themselves to be impossible.  That was easy—just don't return the waivers.[1]

---

[1] The numerous stylistic errors in this passage are by counsel, not the court.

Mr. Bailey continues for the several pages in the same form and without a single legal citation.  (Doc. 18).

Ther semantic distinction that Mr. Bailey draws between "effect" and "complete" is unsupported by the language of Federal Rule of Civil Procedure 4, by caselaw, or by any rational theory.  To "effect" service of process under Rule 4 is to deliver a copy of the summons and complaint to the individual named as a defendant.  See FED. R. CIV. P. 4(e).  Service is not "effected" by the mere initiation of this procedure, such that a person who takes a single step towards a defendant's abode can claim to have effected service at that time.[2]  Rather, service is effected only when the procedural transcation is complete:  when the summons and the

_____

[2] Cf. Lovelace v. Acme Mkts., Inc., 820 F.2d 81, 84-85 (3d Cir. 1987) (stating that counsel who merely initiated service procedures, without ensuring that service had been completed, had not "effected" service within prescribed time limits), quoted with approval in Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995); U.S. for Use of DeLoss v. Kenner Gen. Contractors, Inc., 764 F.2d 707, 710 (9th Cir. 1985) (stating that counsel who had taken "some steps" towards service had nevertheless not "effected" service until procedures established in service rules were complete), cited with approval in Lovelace, 820 F.2d at 84-85; Coutinho, Caro & Co., Inc. v. Fed. Pacifica Liberia Ltd., 127 F.R.D. 150, 151-53 (N.D. Ill. 1989) (same), cited with approval in David D. Siegel, The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure:  Changes in Summons Service and Personal Jurisdiction, 151 F.R.D. 441, 460 (1994).

complaint have been delivered to the individual as prescribed by Rule 4.[3]  See id.
Notwithstanding Mr. Bailey's citation to "Webster's Pocket Dictionary," all legal
authorities (as well as better endowed general reference dictionaries) universally
support this interpretation of the term "effect."[4]  Mr. Bailey's contrary position is
frivolous.[5]

Not only is Mr. Bailey's argument legally baseless, it is peppered with
unfounded accusations of "subterfuge" and misconduct by defense counsel.  Mr.
Bailey complains that defense counsel refused to return the requested waivers of
service in order to avoid timely service.  But, even assuming this to be true, there is
nothing legally or ethically improper about this decision.  Although defendants
have a "duty to avoid unnecessary costs of serving the summons," and may be
required to pay the costs incurred in effecting service if they fail to return a request

---

[3] See Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 879-82 (3d Cir.
1987) (equating "effected" with "completed" for purposes of service under Federal
Rule of Civil Procedure 4); see also Nylok Corp. v. Fastener World Inc., 396 F.3d 805,
806-07 (7th Cir. 2005) (same); Friedman v. Estate of Presser, 929 F.2d 1151, 1156-57
(6th Cir. 1991) (same); Lovelace, 820 F.2d at 84-85 (same); Momah v. Albert Einstein
Med. Ctr., 158 F.R.D. 66, 68 (E.D. Pa. 1994); Bascombe v. Owners' Ass'n of Estate of
Questa Verde Townhouses, 149 F.R.D. 517, 518 (D.V.I. 1992) (same); CHARLES ALAN
WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (3d ed.
1998) (same).

[4] See, e.g., McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir.
1998); FED. R. CIV. P. 4 cmt. C4-22, C4-23; WRIGHT & MILLER, supra, §§ 1094-1098,
1137; BLACK'S LAW DICTIONARY 533 (7th ed. 1999); see also sources cited supra
notes 2, 3.

[5] See Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa., 103 F.3d 294,
298-302 (3d Cir. 1996); Rush v. McDonald's Corp., 966 F.2d 1104, 1122 n.67 (7th Cir.
1992); WRIGHT & MILLER, supra, §§ 1331-1336; see also Cooter & Gell v. Hartmarx
Corp., 496 U.S. 384, 392-93, 405 (1990).

for waiver, they need not oblige a request if it would be contrary to their interests in the litigation.  See FED. R. CIV. P. 4(d); see also id. 4 cmt. C4-18; CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1092.1 (3d ed. 1998).  Defense counsel advanced their clients' interests, consonant with professional obligations, by refusing Mr. Bailey's request.  The fault in this case lies entirely with Mr. Bailey for failing to take the initiative to actually effect service within the time directed by the court.[6]

That Mr. Bailey would present these apparently groundless legal and factual contentions is all the more disturbing in light of the multiple prior instances in which the court has warned him of possible sanctions arising from similar conduct. At least three prior opinions issued by the undersigned have noted apparent violations of the rules of professional conduct and suggested strongly that future noncompliance would result in sanctions.  See Mitchell v. Guzick, No. 3:02-CV-0178, slip op. at 2 n.1 (M.D. Pa. July 26, 2004); Barshinger v. Buffington, No. 1:03-CV-0506, slip op. at 2 n.1 (M.D. Pa. June 10, 2004), aff'd, No. 04-2908 (3d Cir. Apr. 28, 2005); Boyer v. Barry, No. 1:03-CV-1368, slip op. at 1 n.1 (M.D. Pa. Feb. 24, 2004).

-------

[6] FED. R. CIV. P. 4 cmt. C4-17 ("While nothing is stopping the plaintiff from waiting . . . to see whether a waiver materializes, the longer the plaintiff waits, the less time there will be to effect service by some formal means during the declining balance of the [time permitted for service]. . . .  Merely hanging around in the hope that a tardy waiver will appear is not likely to be good cause, or, in a statute of limitations context, good sense."); WRIGHT & MILLER, supra, § 1137 ("As a matter of common sense, the procedure for requesting waiver of formal service should not be used if the time for service . . . will expire before the date on which the waiver must be returned.").

Mr. Bailey is aware of the professional duty to present only well-founded, nonfrivolous arguments to the court.  Yet, he is often cited for violations thereof.[7] This a recurring pattern.

Sanctions appear to be warranted under Federal Rule of Civil Procedure 11. Mr. Bailey's brief in opposition to the motion to dismiss presents factual and legal contentions that apparently lack any reasonable foundation in violation of paragraphs (1), (2), and (3) of Rule 11(b).  Mr. Bailey will be directed to show cause why sanctions should not be imposed on him under these provisions.  See FED. R. CIV. P. 11(c)(1)(B).  This is the opportunity for Mr. Bailey to marshal any legal and evidentiary support for his positions—support that was notably absent from his brief in opposition—or to make his *mea culpa* and repudiate the seemingly baseless arguments of that document.  The court will then finally determine whether and what sanctions should be imposed.  See id.

Whatever the result of the sanction proceedings, defendants' motion to dismiss remains pending.  The motion is based on two separate grounds:  untimely service and the applicable statute of limitations.  The brief in opposition does not present a reasonable challenge to the first ground and does not even address the second.

---

[7] See also, e.g., Beam v. Bauer, 383 F.3d 106, 110 (3d Cir. 2004); Beam v. Bauer, No. 1:02-CV-1797 (M.D. Pa. Mar. 23, 2003) (Rambo, J.), aff'd, 88 Fed. Appx. 523 (3d Cir. 2004).

Despite the lack of credible opposition, however, the court will defer final resolution of these issues pending supplementation of the record.  The statute of limitations defense does not appear on the face of the complaint, and dismissal on this ground would be inappropriate.  See, e.g., Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).  Instead, the motion to dismiss will be converted to one for summary judgment, to allow for additional briefing and the submission of evidence relating to service of process and defendants' notice of this lawsuit.  See FED. R. CIV. P. 12(b), 56; see also id. 12(b)(5), 15(c).  Following supplementation of the record, the court will decide whether the complaint should be dismissed for failure to effect timely service, whether summary judgment should be entered in favor of defendants based on the statute of limitations defense, or whether this case should be allowed to proceed towards trial.  Nothing herein should be construed as a final opinion on these issues.

An appropriate order will issue.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:      May 3, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM V. CORNISH JR.,** | : | **CIVIL ACTION NO. 1:04-CV-0232** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **OFFICER GOSHEN and OFFICER** | : | |
| **STRATHMEYER,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 3rd day of May, 2005, upon consideration of defendants'
motion to dismiss (Doc. 11) and plaintiff's brief in opposition (Doc. 18), and for the
reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.  Counsel for plaintiff, Don Bailey, Esquire, shall file, on or before
    May 20, 2005, a response showing cause why sanctions should not be
    imposed for the apparent violations of Federal Rule of Civil
    Procedure 11(b) identified in the accompanying memorandum.

2.  The motion to dismiss (Doc. 11) is CONVERTED into a motion for
    summary judgment.

    a.  Defendants shall file, on or before May 20, 2005, a supplemental
        brief in support of the motion (Doc. 11), accompanied by a
        statement of material facts and supporting exhibits. See
        L.R. 7.3, 7.5, 56.1.

     b.       Plaintiff shall file, within fifteen (15) days after service of defendants' supplemental brief in support, a supplemental brief in opposition to the motion (Doc. 11), accompanied by a responsive statement of material facts and supporting exhibits. <u>See</u> L.R. 7.3, 7.6, 56.1.

     c.       No further briefs may be filed without leave of court.  <u>See</u> L.R. 1.3, 7.7.


<u>  S/ Christopher C. Conner    </u>
CHRISTOPHER C. CONNER
United States District Judge