## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM V. CORNISH JR.,** | : | **CIVIL ACTION NO. 1:04-CV-0232** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **OFFICER GOSHEN and OFFICER** | : | |
| **STRATHMEYER,** | : | |
| | : | |
| **Defendants** | : | |

### AMENDING ORDER

AND NOW, this 6th day of May, 2005, upon consideration of the

memorandum and order (Doc. 22) entered in the above-captioned case on

May 3, 2005, it is hereby ORDERED that the memorandum and order (Doc. 22) are

AMENDED as follows:

1.    In the first full sentence of the first continued paragraph of page 2, the phrase "the original complaint or the amended complaint" is deleted and is replaced with the phrase "the original or the amended complaint," so that the sentence reads:  But, although these individuals were named in the body of the complaint, they were not named in the caption, and neither of them was served with the original or the amended complaint.

2.    In the third sentence of the final paragraph of page 3, the term "bears" is deleted and is replaced with the term "deserves," so that the sentence reads, in pertinent part:  His explanation deserves lengthy quotation for its audacity . . . .

3.    In the first sentence of the first continued paragraph of page 5, the phrase "continues for the several pages" is deleted and is replaced with the phrase "continues for several pages," so that the sentence reads:  Mr. Bailey continues for several pages in the same form and without a single legal citation.

4.    In the fourth sentence of the first full paragraph of page 5, the term "transcation" is deleted and is replaced with the term "transaction," so that the sentence reads, in pertinent part:  Rather, service is effected only when the procedural transaction is complete . . . .

5.    In the second sentence of the final continuing paragraph of page 6, the phrase "refused to return the requested waivers of service in order to avoid timely service" is deleted and is replaced with the phrase "thwarted his efforts by refusing to return the requested waivers of service," so that the sentence reads:  Mr. Bailey complains that defense counsel thwarted his efforts by refusing to return the requested waivers of service.

6.    In the final sentence of the first continued paragraph of page 7, the term "actually" is deleted, so that the sentence reads:  The fault in this case lies entirely with Mr. Bailey for failing to take the initiative to effect service within the time directed by the court.

7.    In the second sentence of the second paragraph of page 8, the phrase "reasonable foundation in violation" is deleted and is replaced with the phrase "reasonable foundation, potentially in violation," so that the sentence reads:  Mr. Bailey's brief in opposition to the motion to dismiss presents factual and legal contentions that apparently lack any reasonable foundation, potentially in violation of paragraphs (1), (2), and (3) of Rule 11(b).


                              S/ Christopher C. Conner
                              CHRISTOPHER C. CONNER
                              United States District Judge