**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM V. CORNISH JR.,** | : | **CIVIL ACTION NO. 1:04-CV-0232** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **OFFICER GOSHEN and OFFICER STRATHMEYER,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is the response of Don Bailey, Esquire, counsel for plaintiff in the above-captioned case, to an order directing him to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11. The issue was raised by the court on its own initiative when Mr. Bailey presented, in a brief in opposition to a motion to dismiss on grounds of untimely service, an unabashedly semantic and plainly baseless argument concerning the meaning of "effect" as used in Federal Rule of Civil Procedure 4. An explanation of this position, and its obvious flaws, were discussed in detail in the memorandum accompanying the prior show-cause order[1] and need not be repeated here. Suffice it to say that Mr. Bailey's response (filed one day late) offers no challenge to the court's prior conclusion that the argument was "patently frivolous," warranting

---

[1] Cornish v. Goshen, No. 1:04-CV-0232, slip op. at 3-8 (M.D. Pa. May 3, 2005).

sanctions under Rule 11.[2]  The question that must now be resolved is what those sanctions should be.

The purpose of sanctions under Rule 11, and the ultimate restriction on their scope, is deterrence:  "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  FED. R. CIV. P. 11(c)(2).  Sanctions may take a wide variety of forms, including monetary fines or disciplinary reference, but must be tailored to fit the particular characteristics of the violation and the violator.  See id.; see also id. 11 advisory comm. notes—1993.[3]  see also Bus. Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 553-54 (1991).  Rehabilitation, not retribution, is the goal.

This purpose is best served in this case by requiring that Mr. Bailey attend and complete supplemental educational programs geared towards civil procedure,

---

[2] See FED. R. CIV. P. 11(b)(2) (requiring that "legal contentions" in a paper submitted to the court must be "warranted by existing law or by a nonfrivolous argument").

[3] As the United States Court of Appeals for the Fifth Circuit has noted:

> What is [an appropriate sanction under the rule] may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances.  Whatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose.

Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 878 (5th Cir. 1988) (en banc), quoted with approval in Langer v. Monarch Life Ins. Co., 966 F.2d 786, 810 (3d Cir. 1992).

legal writing, and professional conduct.[4]  The violation identified in this case represents a single instance of a larger pattern in which Mr. Bailey has been cited for failing to comply with local and federal procedural requirements, offering incoherent and unreasonable arguments in motions and briefs, and presenting unfounded allegations to the court.[5]  Many, if not all, of these errors are attributable to simple negligence and lack of professionalism, not to willful or malicious design, and may be addressed though additional education.  Directing Mr. Bailey to complete accredited programs on these topics will, it is hoped, impress upon Mr. Bailey the serious deficiencies in his practice and enable him to correct these problems.

The court will also issue a clear warning to Mr. Bailey.[6]  Further violations of the rules of professional conduct will not be tolerated.  There will be no more improper accusations or unfounded assertions.  There will be no more unexplained procedural errors or missed deadlines.  There will be no more frivolous

---

[4] See FED. R. CIV. P. 11 advisory comm. notes—1993 (identifying as possible sanction "requiring participation in seminars or other educational programs"); see also Carlino v. Gloucester City High Sch., 57 F. Supp. 2d 1, 37 (D.N.J. 1999) (requiring completion of continuing legal education courses as sanction under Rule 11), aff'd, 44 Fed. Appx. 599 (3d Cir. 2002).

[5] See Mitchell v. Guzick, No. 3:02-CV-0178, slip op. at 2 n.1 (M.D. Pa. July 26, 2004); Barshinger v. Buffington, No. 1:03-CV-0506, slip op. at 2 n.1 (M.D. Pa. June 10, 2004), aff'd, No. 04-2908 (3d Cir. Apr. 28, 2005); Boyer v. Barry, No. 1:03-CV-1368, slip op. at 1 n.1 (M.D. Pa. Feb. 24, 2004); see also Beam v. Bauer, No. 1:02-CV-1797, slip op. at 3 (M.D. Pa. Mar. 25, 2003), aff'd, 88 Fed. Appx. 523 (3d Cir. 2004).

[6] See FED. R. CIV. P. 11 advisory comm. notes—1993 (identifying as a possible sanction "issuing an admonition"); see also Langer, 966 F.2d at 810 (upholding issuance of "reprimand" as a sanction).

presentations or unsupported legal arguments. Mr. Bailey has been admonished and sanctioned by this court several times in the past.[7] This represents a final opportunity for Mr. Bailey to demonstrate that he is capable of adhering to his professional responsibilities.[8]

An appropriate order will issue.

S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:     August 1, 2005

---

[7] See cases cited supra note 4.

[8] See FED. R. CIV. P. 11 advisory comm. notes—1993 (identifying as a possible sanction "referring the matter to disciplinary authorities"); see also L.R. 83.23.1 ("For misconduct . . . any attorney admitted to practice before this court may be disbarred, suspended from practice before this court, reprimanded or subjected to such other disciplinary action as the circumstances may warrant.").

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM V. CORNISH JR.,** | : | **CIVIL ACTION NO. 1:04-CV-0232** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **OFFICER GOSHEN and OFFICER STRATHMEYER,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 1st day of August, 2005, upon consideration of the response (Doc. 27) of Don Bailey, Esquire, counsel for plaintiff in the above-captioned case, to the prior order of court directing him to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11, and for the reasons set forth in the accompanying memorandum and the memorandum accompanying the prior order of court (Doc. 22), it is hereby ORDERED that:

1. Don Bailey, Esquire, is found to be responsible for a violation of Federal Rule of Civil Procedure 11(b)(2).

2. The following sanctions are imposed upon Don Bailey, Esquire:

    a. Don Bailey, Esquire, shall attend and complete, within six months of the date of this order, at least three continuing legal education courses offered by providers accredited by the Supreme Court of Pennsylvania Continuing Legal Education Board.

        i. One course shall relate primarily to the topic of federal civil procedure; one course shall relate primarily to the topic of legal writing; and one course shall relate primarily to the topic of professional conduct.

    ii. Each course shall be approved for at least three credits by the Supreme Court of Pennsylvania Continuing Legal Education Board.

 b. Don Bailey, Esquire, shall not apply for or otherwise seek credit towards continuing legal education requirements for time spent in attendance at a course completed for purposes of compliance with this order; rather, the course requirements set forth in this order shall be *in addition to* all applicable continuing legal education requirements.

 c. Don Bailey, Esquire, shall file, within six months of the date of this order, an affidavit establishing proof of compliance with this order, describing with particularity the nature of the courses completed.

 d. Don Bailey, Esquire, is admonished to adhere strictly to the rules of professional conduct and to comply fully with local and federal procedural rules.

         S/ Christopher C. Conner
         CHRISTOPHER C. CONNER
         United States District Judge