IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM V. CORNISH JR.,** | : CIVIL ACTION NO. 1:04-CV-0232 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **OFFICER GOSHEN and OFFICER STRATHMEYER,** | : |
| **Defendants** | : |

## ORDER

AND NOW, this 23rd day of February, 2006, upon consideration of the correspondence from Don Bailey, Esquire ("Attorney Bailey") dated February 22, 2006, requesting a ninety-day extension to comply with an order of court dated August 1, 2005 (see Doc. 30),[1] which imposed sanctions and directed Attorney Bailey to complete three continuing legal education courses,[2] and indicating that he will

---

[1] In a telephone conversation with Attorney Bailey on February 21, 2006, initiated by the court because of Attorney Bailey's non-compliance with the prior order of court imposing sanctions, the court indicated that it would require a written request for an extension of time and that it would grant a ninety-day extension. The court would be remiss if it did not express its dismay over Attorney Bailey's failure to seek an extension of time within the original compliance period. Attorney Bailey requested an extension only when contacted by the court after the time for compliance had expired.

[2] The prior order of court instructed that each course must be approved for at least three credits by the Supreme Court of Pennsylvania Continuing Legal Education Board and that the courses shall relate primarily to the topics of federal civil procedure, legal writing, and professional conduct. (See Doc. 30 ¶¶ 2.a.) It also instructed that Attorney Bailey shall not apply for or otherwise seek credit towards continuing legal education requirements for time spent in attendance at a course completed for purposes of compliance with the prior order of court. (See Doc. 30 ¶ 2.b.)

comply with the sanctions imposed by completing the following courses: (1) Bridge the Gap (Course No. 4350), (2) Civil Litigation Update (Course No. 4147), and (3) Appellate Brief Writing (Course No. 3980), and it appearing that Attorney Bailey has presented good cause for an extension,[3] see FED. R. CIV. P. 6(b), but that the Civil Litigation Update course (No. 4147) does not involve federal civil procedure,[4] and the Appellate Brief Writing course (No. 3980) is not approved for continuing legal education credits,[5] it is hereby ORDERED that:

1. The Clerk of Court is directed to DOCKET the correspondence from Don Bailey, Esquire dated February 22, 2006 as a motion for an enlargement of time.

2. The correspondence from Don Bailey, Esquire, CONSTRUED as a motion for an enlargement of time, is GRANTED as so construed. See FED. R. CIV. P. 6(b). Don Bailey, Esquire shall file, on or before May 24, 2006, an affidavit establishing proof of compliance with this order and the prior order of court (Doc. 30), describing with particularity the nature of the courses completed.

---

[3] The court finds good cause only with respect to Attorney Bailey's recent illness. Attorney Bailey had six months to comply and he admittedly failed to locate a single course within this period.

[4] See Pennsylvania Bar Institute: Catalog, http://www.legalspan.com/pbi/catalog.asp (last visited Feb. 23, 2006).

[5] See id.

2

3. Don Bailey, Esquire shall not be permitted to use the Civil Litigation Update (No. 4147) or Appellate Brief Writing (No. 3980) courses to comply with the prior order of court imposing sanctions.[6] (See Doc. 30 ¶ 2.a.)

      /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[6] Attorney Bailey may submit future correspondence with the court inquiring about the acceptability of courses identified. Such correspondence shall contain a detailed description of each course and the number of credits approved for each course.